·JAMES F. WALTON, respondent,

*v.*

AMERICAN BAPTIST PUBLICATION SOCIETY, appellant.

[Submitted December 10th, 1910.   Decided March 6th, 1911.]

1. A tax title deed under the Martin act being within the provisions of the fifteenth section of the Sales of Land act (*Gen. Stat. p. 2982*) is not subject to be questioned collaterally.

2. *Quære,* whether the regularity of such a deed is cognizable by a court of equity.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

This is a bill to quiet title filed by the holder of a tax title deed made under the thirteenth section of the Martin act.

A decree *pro confesso* was entered against all defendants except the American Baptist Publication Society.   It filed an answer setting up a mortgage upon the property held by it at the time of the sale, and claiming it to be still a valid lien.

A general replication being filed, the matter was referred and an issue at law being demanded by the defendant, the vice-chancellor tried the preliminary jurisdictional question, and awarded an issue at law to try the validity of the claim of the American Baptist Publication Society.

The issue framed thereon coming on for trial before Judge Endicott and a jury at the Camden circuit, counsel for appellant made an effort to attack collaterally the proceedings upon which complainant's tax title was founded.

Objection being made to this, the trial judge reserved his decision thereon and took the verdict of the jury upon the single question whether or not the notice to redeem was served on Dr. Rowland, the secretary and treasurer of appellant, on April 24th, 1903.

A jury rendered a verdict that the notice was so served.

The .trial judge then heard argument and determined that complainant was entitled to a verdict.

On the coming in of the *postea,* an application for a new trial was made to Vice-Chancellor Leaming, who denied the application and advised a decree quieting the title.

This appeal is now taken upon the ground that a new trial should have been granted and that the court of chancery should have decreed the mortgage a good and valid lien.

*Mr. Edward Ambler Armstrong* and *Mr. Herbert A. Drake,* for the appellant.

*Messrs. French & Richards,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

The objections to the proceedings on which the complainant's tax title deed was founded, raised upon the trial of the feigned issue and pressed before us by counsel of the appellant, have been considered only so far as was necessary to determine that, with the possible exception of the notice to redeem, they all relate to matters with which the legislature might have dispensed and with respect to which the legislature has provided that the deed "shall not be subject to be questioned collaterally."

The legislative act in which this language appears was passed in 1869 as a supplement to "An act for the better security of titles to land sold by sheriffs and other officers" (*P. L. 1869 p. 1238*), and is now the fifteenth section of the Sales of Land act (*Gen. Stat. 2982*) ; it applies to all deeds theretofore or thereafter made under any public authority and clearly applied to a deed of the sort described given under a subsequent act. *Smith* v. *Newark, 32 N. J. Eq. (5 Stew.) 1; Woodbridge* v. *Allen, 43 N. J. Law (14 Vr.) 262; Doremus* v. *Cameron, 49 N. J. Eq. (4 Dick.) 1; Belmar* v. *Kennedy, 53 N. J. Eq. (8 Dick.) 466; Flock* v. *Smith, 65 N. J. Law (36 Vr.) 224.*

The statute therefore applies to a deed given under the Martin act, which, in its four hundred and seventeenth section, re-iterates in effect the same provision. *Gen. Stat. 3373.*

The matters sought to be litigated in the present case before the jury under the feigned issue or before the court of chancery at all, upon a bill to quiet title, were solely cognizable by the supreme court in the proceeding set forth in this statute. The appellant is therefore not aggrieved by the refusal of the court of chancery to order a new trial of a feigned issue that was nugatory, or by the decree which in effect overruled the defence that was set up in that court. In each of these respects the result reached by the decree of the court below was correct.

This conclusion renders it unnecessary to consider or decide whether under the doctrine of *Jersey City* v. *Lembeck, 31 N. J. Eq. (4 Stew.) 255,* the court of chancery has by mere force of "An act to quiet title," &c., jurisdiction to determine the regularity of a deed made by public authority in the collection of taxes.

The question whether or not the legislature might under the federal constitution have dispensed with the requirement that a notice to redeem be given, is purely academic in the present case, inasmuch as the Martin act makes a provision for such a notice and the jury, upon proof satisfactory to the trial court and to the court of chancery, has found that such notice was in fact given.

The contention that the Martin act is unconstitutional in that its title and body embrace more than one object is not well founded; it fails to discriminate between the object of an act and the means for the accomplishment of such object; the former must be single, the latter may be as many and as diverse as such object requires. The object of the Practice act is single, viz., to regulate the practice of law, but the means enacted to accomplish that end are many and various. It is the same with all tax laws including the Martin act. *Moore* v. *Burdett, 62 N. J. Law (33 Vr.) 163.*

The argument that the Martin act constitutes a taking of private property for public use is at least well founded in fact, for such is unquestionably both the object and effect of all proceedings for the collection of taxes which being required for the support of the government are not deemed to be without "just compensation" (*Art. 1, 16*); it is "individuals and private corporations" that are not authorized to take private property even

for public use without just compensation first made to the owners. (*Art. 4, § 7, p. 8.*)

The decree of the court of chancery is affirmed.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Congdon, Sullivan—14.

*For reversal*—None.

[Submitted December 10th, 1910.   Decided March 6th, 1911.]